UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLIANCE COMMUNICATIONS COOPERATIVE, INC., BERESFORD MUNICIPAL TELEPHONE COMPANY, KENNEBEC TELEPHONE COMPANY, INC., MCCOOK COOPERATIVE TELEPHONE COMPANY, SANTEL COMMUNICATIONS COOPERATIVE, INC., and WEST RIVER COOPERATIVE TELEPHONE COMPANY | ) ) ) ) ) ) ) ) ) | CIV. 05-4181<br><br>**PROTECTIVE ORDER** |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| WWC LICENSE, L.L.C., | ) ) ) | |
| Defendant. | ) | |

FILED MAY 0 1 2006

Defendant WWC License, L.L.C. requested a protective order pursuant to Fed. R. Civ. P. 26(c)(7). The parties to this action have entered into a Confidentiality Agreement with respect to confidential discovery. Accordingly, with good cause appearing,

IT IS HEREBY ORDERED:

1. This Order shall govern all documents, information, or other materials produced by parties or non-parties to this action which are properly designated as confidential.

2. Any party or non-party shall have the right to designate as confidential all documents, information, or other materials ("information") by clearly marking the same as "CONFIDENTIAL" or utilizing other comparable language.

3. Information designated as confidential shall not be disclosed to anyone other than the following:

1

    a.    counsel of record for any party in this action;
    b.    paralegal, stenographic, clerical, or other employees of counsel of record in this action;
    c.    court reporters and their employees engaged to record and transcribe testimony in this action;
    d.    independent experts and consultants employed by counsel of record in this action to assist in the preparation or trial of this action;
    e.    directors, officers, and employees of any party in this action to the extent that disclosure of confidential information is necessary with respect to the legal advice rendered;
    f.    any witness from whom testimony is being taken during the course of his or her testimony or during the preparation thereof provided that such witness may not retain any confidential information; and
    g.    the Court and employees of the Court.

4.    Information designated as confidential shall not be disclosed to persons specified in 3(d), (e), and (f) until such persons have signed a confidentiality agreement, agreeing to be bound by the terms and conditions of this Order.

5.    Information designated as confidential shall not be used or disclosed in any manner except for the exclusive purposes of this action. Any person who may be entitled to receive, or who are afforded access to information designated as confidential shall neither use nor disclose the same for purposes of business or competition, or any purpose other than the preparation for and the conduct of this action, and then solely as contemplated herein, and shall take those precautions that are necessary to keep the information secure in accordance with this Order.

6.    Any party may object to the designation of information as confidential by serving written notice of objection on all parties, specifying the information to which the objection is made. The party designating the information as confidential shall file a motion for determination by the Court with respect to the confidential designation within 20 days after the service of the notice of objection. The party objecting to the confidential designation shall thereafter be

allowed 10 days to respond. In the event that an appropriate motion is filed with the Court, the disputed information shall remain confidential pending resolution by the Court.

7. A motion to seal shall accompany any submission of information designated as confidential to the Court if such information will become part of the public record. If the Court denies the motion to seal, the submitting party shall substitute a redacted copy of the submission.

8. Upon the final disposition of this action, unless otherwise agreed in writing by counsel of record, each party or other person shall return or destroy all information designated as confidential, including all copies of the same, upon the request of the designating party. Information designated as confidential, but made part of the record in this proceeding, shall remain in the possession of the Court.

9. The parties retain the right to question, challenge, and object to the admissibility of any information designated as confidential disclosed under the terms of this Order.

10. This Order shall not restrict the right or ability to disclose of any party to this action with respect to its own information.

11. This Order shall be effective immediately and apply to any information previously designated as confidential.

Dated this 1st day of May, 2006.

BY THE COURT:

_____ John Sinko
HONORABLE ~~LAWRENCE L. PIERSOL~~
UNITED STATES ~~DISTRICT COURT~~ JUDGE
mag

ATTEST:

Joseph Haas
Clerk

BY: Shelly Margalit
Deputy

3